*559
 
 PER CURIAM.
 
 *
 

 h This application arises from a suit filed by plaintiffs against CITGO Petroleum Corp. (“CITGO”) and others, based on a release of hazardous materials from a CIT-GO waste water treatment plant. During discovery, CITGO declined to produce certain documents sought by plaintiffs on the ground these documents were subject to the attorney-client privilege. Plaintiffs responded by filing a motion to compel production, asserting that the “crime-fraud” exception to the attorney-client privilege applied.
 

 After a hearing, the district court granted plaintiffs’ motion in part. The district court made a finding that CITGO engaged in fraudulent conduct, and therefore concluded the attorney-client privilege did not apply. CITGO now seeks review of that ruling.
 

 In order to vitiate the attorney-client privilege, the court must make a finding that the attorney-client relationship was intended to further continuing or future criminal or fraudulent activity.
 
 State v. Taylor,
 
 502 So.2d 537 (La.1987) (on second rehearing). The party challenging the privilege must (1) make an independent prima facie case that a crime has been committed, and (2) then demonstrate that the privileged information bears a relationship to the alleged crime or fraud.
 
 Ward v. Succession of Freeman,
 
 854 F.2d 780 (5th Cir.1988).
 

 |gIn the instant case, the district court determined that CITGO engaged in fraud, but did not determine whether the privileged information bore a relationship to that fraud. Without such a finding, we cannot determine whether the district court erred in applying the crime-fraud exception.
 
 [1]
 

 Accordingly, the judgment of the district court is vacated. The case is remanded to the district court, which is instructed to render a new ruling on plaintiffs’ motion to compel after appropriate briefing from the parties and
 
 in camera
 
 review of the privileged documents.
 

 KIMBALL, C.J., and KNOLL, J., would deny.
 

 *
 

 Traylor, J. recused.
 

 [1]
 

 . Because the district court's analysis is incomplete, we need not pass on the question of whether CITGO engaged in fraudulent conduct.